C. W. HENDERSON COMPANY, v. M. N. STOUT COMPANY, INC., et al.

Western Section. January Term, 1928.

Petition for Certiorari denied by Supreme Court, April 14, 1928.

1. **Banks and banking.** Where bank buys draft from customer by crediting his account and the amount is withdrawn from the account, bank has good title to the draft.

In an action in attachment where the proceeds of a certain draft were attached and a bank interpleaded, claiming to have bought the draft and

given the owner thereof full credit, and the evidence showed that before the attachment the owner had checked more than the amount of the draft from his account, held the bank had title to the money.

2. **Banks and banking.** The fact that the bank reserved the right to charge the draft back to the drawer in case it prove uncollectible does not prevent the bank from claiming ownership of the draft.

   Where bank credits its customer's account with the amount of a draft secured by bill of lading, and the amount of such credit is drawn out by the customer, the bank's title to the draft is absolute, and is not rendered conditional by the fact that the customer agrees that the draft, on failure to collect, may be charged back against his account, for, by withdrawing the amount to his credit, any beneficial interest of the customer in the draft ceases.

Appeal from Chancery Court, of Knox County; Hon. Robert M. Jones, Chancellor.

Affirmed.

A. E. Mitchell, of Knoxville, for appellant.

Lee, Price, McDermott & Meek, and Lindsay, Young & Young, of Knoxville, for appellee.

HEISKELL, J. The original bill in this cause was filed by C. W. Henderson Company against M. N. Stout Company, Inc., a nonresident dent corporation; the Bank of Plant City, Florida, a nonresident corporation, and the City National Bank of Knoxville, Tennessee. By this bill a recovery was sought by C. W. Henderson Company against the M. N. Stout Company, Inc., for an alleged breach of contract as to price and quality on six cars of oranges shipped by M. N. Stout Company, Inc., to the C. W. Henderson Company, at Knoxville. When the last car of oranges arrived in Knoxville, there was attached to the bill of lading a sight draft for $750, drawn by M. N. Stout Company, Inc., in favor of the Bank of Plant City, on the C. W. Henderson Company. The Henderson Company paid the draft upon arrival of the car, to the City National Bank, who held the draft, but before the City National Bank could remit the proceeds thereof, C. W. Henderson Company attached said proceeds in the hands of the City National Bank as being the property of M. N. Stout Company, Inc. M. N. Stout Company answered, denying a breach of the contract and denying the funds so attached were its property. The Bank of Plant City answered denying that the funds attached were the property of M. N. Stout Company, Inc., but on the contrary averred that the funds attached belonged to it, since it had, in the due course of trade, and for value purchased said draft and the property covered by the bill of lading and had given M. N. Stout Company, Inc., full credit for the face value of said draft.

In addition to the facts set out above, about which there is no dispute, it further appears from the testimony of the cashier of the Florida bank that at the time the proceeds of the draft were attached in the hands of the City National Bank, and for some days prior

thereto, and for some days subsequent thereto, M. N. Stout Company, Inc., had not only checked out of the Bank of Plant City, the full amount of the proceeds of said draft, but had overdrawn its account at said bank to the extent of several hundred dollars.

The Chancellor gave complainant a decree against the M. N. Stout Company, Inc., and it did not appeal. He decreed the proceeds of the draft in favor of the Bank of Plant City and from this complainant appeals.

The case presents but one question. Were said funds, the proceeds of said draft, when levied on, the property of the M. N. Stout Company or the Bank of Plant City, Florida, and this question is settled by the case of Groveland Banking Company v. City National Bank, 144 Tenn., page 520.

In that case, the Groveland Banking Company of New York claimed to have purchased the draft in question from Eworth & Lake, the drawers. The draft was sent to the City National Bank of Knoxville, for collection. A Knoxville creditor of the drawers of the draft sought to subject the proceeds to their debt. The proof was practically the same as in this case. The New York Bank had passed to the credit of the drawers, Eworth & Lake, the full value of the draft and this was drawn out by them and their account was overchecked before and at the time the attachment was levied on the proceeds in Knoxville. It was held that the draft was the property of the Groveland Banking Company and the proceeds in the Knoxville Bank could not be reached by garnishment under the attachment of the creditor of drawer of draft.

The complainant in the present case insists that because the Florida Bank reserved the right to charge the draft back to the drawer in case it proved uncollectible, that this prevents the Bank of Plant City from claiming ownership of the draft. This point is also covered by the case of Groveland Banking Company v. City National, supra. The fourth head note says:

"Where bank credits its customer's account with the amount of a draft secured by bill of lading, and the amount of such credit is drawn out by the customer, the bank's title to the draft is absolute, and is not rendered conditional by the fact that the customer agrees that the draft, on failure to collect, may be charged back against his account, for, by withdrawing the amount to his credit, any beneficial interest of the customer in the draft ceases."

The present case cannot be distinguished from that case. The assignment of error is therefore overruled and the decree of the Chancellor in favor of the Bank of Plant City, Florida, is affirmed. The appellant and surety on appeal bond will pay cost of appeal.

Owen and Senter, JJ., concur.